# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,  )
                                     )
        Plaintiff,                 )
                                     )
   v.                                )    No. 03 C 1507
                                     )
MICHAEL J. PIETRZAK, MAURICE         )
W. FURLONG and DONALD E. JORDAN,     )
                                     )
        Defendants.                )

## **MEMORANDUM OPINION**
*(Regarding the Jordan Estate)*

Regarding the plaintiff's motion for summary judgment against the Estate of Jordan, the court has considered the additional briefs filed by the parties pursuant to our request of May 2, 2006. We are satisfied that there is a genuine factual issue as to whether there was any causal relationship between Jordan's allegedly false representations and the price of HCCA stock, both during the period following incorporation of Jordan's representations in the company's financial statements and during the period following the company's restatement of its financial statements. Plaintiff argues that there is no need to show a "precise" impact of the representations on the price of the stock, and we accept that argument. But the same would be true of any case involving proof of profit or loss of profit; it can never be

more than a reasonable approximation. The cases cited by plaintiff in its brief of May 16, 2006, appear to stand for that general, unsurprising proposition. They do not stand for the proposition that plaintiff can prevail without showing <u>any</u> causal relationship, nor does plaintiff argue that they do. But that, according to the defendant Jordan, is the situation we have here. The date plaintiff has chosen for its loss calculation is, according to Jordan, arbitrary and, in light of the stock price on other dates both before and after the July 14, 2000 press release announcing the restatement of the company's financial statements, is no evidence at all that the press release (or the specific components of the restatement that were related to Jordan's misrepresentations) caused any drop in the stock price. Plaintiff argues that the dates selected by defendant are arbitrary and self-serving. But we are unable to conclude that plaintiff has the better of the argument, let alone that there is no genuine dispute about it.

There will have to be a trial on the causation issue, and that requires denial of plaintiff's motion for summary judgment against the Estate of Jordan. There would be no point in making any summary findings, short of judgment, as to the falsity of Jordan's representations, because the jury will need to consider each of those representations, and all relevant circumstances concerning each of them, in order to make the necessary finding regarding

causation.

The motion of the plaintiff for summary judgment against the Estate of Donald E. Jordan will be denied.

DATE:       June 26, 2006

ENTER:      _____
            John F. Grady, United States District Judge