**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,  )
                                     )
        Plaintiff,                 )
                                     )
  v.                                 )   No. 03 C 1507
                                     )
MICHAEL J. PIETRZAK, MAURICE         )
W. FURLONG and DONALD E. JORDAN,     )
                                     )
        Defendants.                )

**MEMORANDUM OPINION**

In this securities fraud action, plaintiff, the Securities and Exchange Commission ("SEC"), has moved for summary judgment against the defendants Michael J. Pietrzak and Maurice W. Furlong, and, separately, for summary judgment against Donald E. Jordan.[1] This opinion will deal with plaintiff's motion as to the defendants Pietrzak and Furlong.

The defendants were officers of Hexagon Consolidated Companies of America, Inc. ("HCCA"), a Nevada corporation whose common stock during the relevant period was traded on the over-the-counter market. In its public filings and press releases, which Pietrzak and Furlong caused to be made, HCCA was represented to be a company engaged in various businesses, including mineral mining and real

---

[1] The defendant Jordan is now deceased and his estate has been substituted as a defendant.

estate investment. Plaintiff alleges, and has submitted opinion evidence to support the allegation, that Pietrzak and Furlong caused HCCA to make numerous public filings, press releases and reports to shareholders that contained material misrepresentations concerning the nature and value of its mining claims, real estate interests, advertising credits and notes receivable. These included many annual and quarterly reports and various filings with the SEC. During this period of time, Pietrzak and Furlong each sold their shares of HCCA stock, Pietrzak for $1,010,739 and Furlong for $2,406,568. These sales were made prior to the company's restatement of its financial statements. The restatement indicated a substantial reduction in the value of the company's assets. Plaintiff argues that the drop in the company's stock price that followed the press release concerning the restatement was entirely due to the press release, which in turn indicates that the stock price had been inflated by the false information reported by the company before the restatement.

The parties filed their statements as to undisputed and disputed facts pursuant to Local Rule 56.1. These materials include numerous deposition excerpts and declarations of various witnesses. A fair summary would be that plaintiff's materials tend to show a lack of any reasonable basis for the asset valuations contained in the company's financial reports prior to the restatement, whereas defendants' materials, if believed, would

support the conclusion that the valuations were reasonable, or if not, that the defendants at least had a good faith basis for believing they were reasonable.

Plaintiff points out that most of its Rule 56.1 statements are admitted by the defendants. This is true, but many of the admitted statements are immaterial in the sense that their truth does not establish liability. See Howland v. Kilquist, 833 F.2d 639, 642 (7th Cir. 1987). The facts that are material are principally those that relate to defendants' intent. Only intentional misstatements violate the securities laws, see Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976), and recklessness demonstrates "intent" for this purpose, see Sundstrand Corp. v. Sun Chemical Corp., 553 F.2d 1033, 1044-45 (7th Cir. 1977). Therefore, if there is a genuine factual issue as to whether the defendants acted recklessly in valuing the assets of the company, summary judgment would be inappropriate.

We could spend considerable time discussing the opposing opinions expressed in the depositions and declarations filed by the parties, but we think that is unnecessary. This is one of those situations where, even if the movant has the more persuasive evidence, the case is not so clear that we can say with assurance that there is no genuine issue. All doubts as to the existence of an issue of material fact must be resolved against the movant. See Moutoux v. Gulling Auto Elec. Inc., 295 F.2d 573, 576 (7th Cir. 1961). In order for us to hold as a matter of law that the

defendants acted recklessly, we would have to accept the opinions of plaintiff's experts, reject those of defendants' experts, and then go on to find that defendants did not rely in good faith on the information supplied by their accountants and others, including Donald Jordan, the essayer who valued the mineral assets. But the law is clear that on a motion for summary judgment the court is not to weigh the evidence.

> On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder. Rather, [t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. We must look therefore at the evidence as a jury might, construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true. As we have said many times, summary judgment cannot be used to resolve swearing contests between litigants.

Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citations and internal quotation marks omitted). Furthermore, as we have seen, the question is not whether Pietrzak and Furlong were negligent in regard to the valuations. The question is whether they were reckless. At what point negligence shades into recklessness is a factual determination concerning state of mind. It is a kind of factual determination the reviewing courts have taken pains to identify as especially inappropriate for summary judgment:

> We are particularly leery of resolving issues involving a state of mind on summary judgment. In fact, . . . we

>   [previously] quoted <u>Pfizer, Inc. v. International Rectifier Corp.</u>, 538 F.2d 180, 185 (8th Cir. 1976), which stated that "[s]ummary judgment is notoriously inappropriate for determination of claims in which issues of intent, good faith and other subjective feelings play dominant roles."

<u>Ashman v. Barrows</u>, 438 F.3d 781, 784 (7th Cir. 2006) (citations omitted). Defendants' motion for summary judgment essentially calls upon this court to decide the case. Clearly, that would be inappropriate in light of the genuine issue as to defendants' state of mind.

There is another issue in regard to plaintiff's disgorgement request. Plaintiff assumes that if recklessness is shown it would be entitled to judgment for the entire amounts Pietrzak and Furlong received in the sales of their stock. Plaintiff overlooks entirely the question of causation, apparently assuming the absence of any question as to whether, and to what extent, the press release concerning the restatement affected the price of the stock. We have discussed this question in the Memorandum Opinion of this date concerning plaintiff's motion for summary judgment against the Estate of Jordan, and that discussion applies to Pietrzak and Furlong as well. Plaintiff has not proved the necessary causal relationship and will have to prove it at trial.

For these reasons, plaintiff's motion for summary judgment against the defendants Pietrzak and Furlong will be denied.

DATE:           June 26, 2006

ENTER:          _____

                John F. Grady, United States District Judge