# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | ) |
| Plaintiff, ) | ) |
| | ) Civil Action No. |
| vs. ) | ) 03C-1507 |
| | ) |
| MICHAEL J. PIETRZAK and MAURICE W. ) | ) Judge Grady |
| FURLONG, ) | ) |
| | ) |
| Defendants. ) | ) |

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST MAURICE W. FURLONG AND MICHAEL J. PIETRZAK

Following a jury trial in this matter, a verdict was returned on August 3, 2007 in favor of plaintiff, Securities and Exchange Commission ("SEC") and against defendants Maurice W. Furlong and Michael J. Pietrzak. The jury verdict included findings of fraud in connection with virtually all of the assets which the defendants caused HCCA to record on its financial statements between 1996 and 2001. From a review of the jury verdict interrogatories, the jury found fraud by the defendants in connection with HCCA's claimed assets including: 1) the Advertising Credits; 2) the Notes Receivable; 3) the Skull Valley, Arizona mineral assets; 4) the Silver Valley, California mineral assets; and 5) the Real Estate assets claimed by HCCA. In addition, the jury interrogatories indicated that it found fraud by the defendants in connection with the press releases issued by HCCA between 1996 and 2001, relating to all of the assets outlined above, except the notes receivable. Finally, the jury verdict was in favor of the SEC and against

defendants Furlong and Pietrzak on the SEC's internal accounting controls claims, and on the aiding and abetting claims.

This Court concludes, as a matter of law, that it has jurisdiction of this action pursuant to Sections 20(b), 20(d), 20(e) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), 77t(e) and 77v(a)] and Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa]. Venue lies in this Court pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] because defendant Pietrzak resided within this district, and because certain of the actions related to the defendants and their control of HCCA, occurred within the Northern District of Illinois. Based upon the jury verdict, and these conclusions of law:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendants Furlong and Pietrzak and their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. 77q(a)], by through the use of any means or instruments of transportation or communication in interstate commerce or the use of the mails,:

1. employing any device, scheme or artifice to defraud;
2. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to

make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any security.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Furlong and Pietrzak, and their agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], by through the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange,:

1. employing any device, scheme or artifice to defraud;

2. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

3

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Furlong and Pietrzak, and their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from aiding and abetting violations, directly or indirectly, of Section 13(a) of the Exchange Act [15 U.S.C. 78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13], by:

1. filing any materially untrue, incorrect, false or misleading annual report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

2. filing any materially untrue, incorrect, false or misleading current report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

3. filing any materially untrue, incorrect, false or misleading quarterly report of any issuer with a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

4. failing, in addition to information expressly required to be included in statements or reports filed with the Commission, to add such further material

information, if any, as may be necessary to make required statements, in the light of the circumstances under which they are made, not misleading.

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Furlong and Pietrzak, and their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from aiding and abetting violations, directly or indirectly, of Sections 13(b)(2)(A), 13(b)(2)(B) and 13(b)(5) of the Exchange Act [15 U.S.C. 78m(b)(2)(A), 78m(b)(2)(B) and 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. 240.13b2-1] by:

1. failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)]; or

2. failing to devise and maintain a system of internal accounting controls, of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)], sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

(b) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization; and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences;

3. knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

4. falsifying or causing to be falsified, directly or indirectly, any book, record or account of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any company which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

5. making or causing to be made materially false or misleading statement; or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading to an accountant in connection with (i) any audit or examination of the financial statements of an issuer required to be made pursuant to Section 13 [15 U.S.C. 78m] of the Exchange Act or (ii) the preparation or filing of any document or report required to be filed with the Commission pursuant to Section 13 of the Exchange Act [15 U.S.C. 78m] or otherwise.

V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Furlong, and his agents, servants, employees and attorneys, and those persons in active concert or participation with him who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently enjoined and restrained from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. 78p(a) and 78p(c)] and Rules 16a-2 and 16a-3 thereunder [17 C.F.R. 240.16a-2 and 240.16a-3], by: failing to file or filing false or misleading statements of the amount of all equity securities owned of an issuer and any changes in such ownership if he directly or indirectly beneficially owns more than 10 per centum of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l], or is a director or an officer of the issuer of such security.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Furlong and Pietrzak, pursuant to Section 20(e) of the Securities Act [15 U.S.C. 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. 78u(d)(2)], be and hereby are permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or that is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Furlong and Pietrzak, pursuant both to Section 603 of the Sarbanes-Oxley Act of 2002 (which amended Section 20 of the Securities Act [15 U.S.C. 77t(e)] and Section 21(d) of the Exchange Act [15 U.S.C. 78u(d)(2)]) and the inherent equitable powers of this Court, be and hereby are permanently barred from participating in any offering of a penny stock, including acting as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act. [17 C.F.R. 240.3a51-1]. Pursuant to the same authorities and the inherent equitable powers of this Court, defendants Furlong and Pietrzak are also permanently barred from inducing or attempting to induce the purchase or sale of any penny stock.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Furlong shall pay disgorgement in the amount of $3,452,491 representing the gross proceeds he received from sales of his HCCA stock, during the period that the accounting fraud was ongoing, along with pre-judgment interest thereon in the amount of $2,515,724 for a total of $5,968,215. Furlong shall satisfy this obligation by paying $5,968,215 within thirty (30) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Maurice W. Furlong as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Furlong shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Defendant Furlong shall simultaneously transmit photocopies of such payment and letter to the Edward G. Sullivan, Esq., Securities and Exchange Commission, 3475 Lenox Road, N.E. Suite 1000, Atlanta, Georgia 30326. By making this payment, Defendant Furlong relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Furlong.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Pietrzak shall pay disgorgement in the amount of $1,296,720 representing the gross proceeds he received from sales of his HCCA stock, during the period that the accounting fraud was ongoing, along with pre-judgment interest thereon in the amount of $836,866 for a total of $2,133,586. Pietrzak shall satisfy this obligation by paying $2,133,586 within thirty (30) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael J. Pietrzak as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Pietrzak shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Defendant Pietrzak shall simultaneously transmit photocopies of such payment and letter to the Edward G. Sullivan, Esq., Securities and Exchange Commission, 3475 Lenox Road, N.E. Suite 1000, Atlanta, Georgia 30326. By making this payment, Defendant Pietrzak relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Pietrzak.

**X.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Furlong shall pay a civil penalty in the amount of $_____ pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant Furlong shall make this payment within thirty (30) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Maurice W. Furlong as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Furlong shall simultaneously transmit photocopies of such payment and letter to the Edward G. Sullivan, Esq., Securities and Exchange Commission, 3475 Lenox Road, N.E. Suite 1000, Atlanta, Georgia 30326. Defendant Furlong shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**XI.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Pietrzak shall pay a civil penalty in the amount of $_____ pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant Pietrzak shall make this payment within thirty (30) business days after entry of this Final

Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael J. Pietrzak as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Pietrzak shall simultaneously transmit photocopies of such payment and letter to the Edward G. Sullivan, Esq., Securities and Exchange Commission, 3475 Lenox Road, N.E. Suite 1000, Atlanta, Georgia 30326. Defendant Pietrzak shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter for all purposes, including implementing and enforcing the terms of this Final Judgment, and may order other and further relief that this Court deems appropriate under the circumstances.

(Continued on following page)

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith against defendants Furlong and Pietrzak, and without further notice.

SO ORDERED, this _____ day of _____, 2007.

_____
**JOHN F. GRADY, JUDGE**
**UNITED STATES DISTRICT COURT**